UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                  Case No. 2:07-cr-222(2)

v.                    CHIEF JUDGE EDMUND A. SARGUS, JR.

VICTOR DELGADILLO PARRA,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Victor Delgadillo Parra's ("Defendant") Motion for Reduction of Sentence (ECF No. 75), the Government's Memorandum in Opposition (ECF No. 82), and Defendant's Reply in Support. (ECF No. 85.) Defendant moves to the Court to reduce his sentence pursuant to Amendment 782 of the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).

On July 1, 2008, after pleading guilty to Count 1 for conspiring to possess with intent to distribute more than 1 kilogram of heroin and Count 2 for conspiring to distribute heroin which resulted in death, Defendant was sentenced to a total of 120 months for Count 1 to run concurrently with 200 months for Count 2. (ECF No. 56.)

Defendant is seeking a reduction in his sentence pursuant to Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G.") as well as parallel changes for the listed chemicals found in § 2D1.11, as set forth in policy statement § 1B1.10. Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of

the guidelines as long as they meet certain eligibility criteria. Defendant argues that he is eligible for the retroactive application of Amendment 782 and asks the Court to apply the new amendment to reduce his term of imprisonment.

The amendment to the Guidelines does not reduce statutory mandatory minimum sentences. "[A] reduction in the defendant's term, of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent" with the Sentencing Guidelines policy statement if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 Application Note 1(A); *see also United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) (holding previous amendments to drug quantity table did not apply to reduce statutory mandatory minimum sentence). With regard to count two, Defendant was sentenced to the statutory mandatory minimum sentence of ten years. As such, Defendant's sentence cannot be reduced under Amendment 782. Further, any reduction of Defendant's 120-month sentence on Count 2 would not reduce his concurrent sentence of 200 months for Count 1.

With respect to Count One for conspiracy to distribute heroin resulting in serious bodily injury or death, Defendant faced a mandatory minimum sentence of twenty years. The Court granted the Government's motion for a downward departure pursuant to 18 U.S.C. § 3553(e), which reduced the guideline range for that count to 168–210 months upon which the Court imposed a sentence of 200 months. (Resp. in Opp. at 2, ECF No. 82.)

This Court has already denied a similar motion brought by Defendant's co-conspirator. *United States v. Contreras*, Case No. 2:07-CR-0222(1), 2017 U.S. Dist. LEXIS 91782 (S.D. Ohio June 14, 2017). In denying Defendant Contreras' Motion for a Reduction of Sentence, the Court determined that "because the guideline range was not determined by the amount of heroin

but because of the fact that death resulted from his criminal actions, the Amendment would also not alter his guideline range as to the sentence for this Court." The same remains true with regard to Defendant Parra. This Court based the severity of Defendant Parra's sentence not on the amount of heroin involved but the harm caused. Accordingly, Defendant is not eligible for a reduction of sentence and his motion (ECF No. 75) is **DENIED**.

**IT IS SO ORDERED.**

7-10-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE